Smith *v.* Wiley.

## SMITH *v.* WILEY.

1. CONTRACT. *Mutual and independent. Lease. Construed.* Plaintiff agreed to keep up fences, defendant was to pay rent, charge that failure to keep up fences relieved defendant from paying rent, error.

   *Held,* the contract is a mutual and independent covenant, where either party may recover damages from the other, for the injury he may have sustained by breach of the covenants in his favor.

2. SAME. *Same. Cross-action.* It is no excuse for the defendant to allege a breach of the covenants by the plaintiff in bar of his action, the defendant has his right of separate action to prove and recoup his damages.

   Case cited: 2 Pars. Cont., 531, 532.

### FROM LINCOLN.

Appeal from the Circuit Court. WM. L. ADAMS, Judge, by interchange.

WOODS & DISMUKES, COLYAR, MARKS and NEWMAN for Smith.

M. B. MARTIN, KERCHEVAL and E. COOPER for Wiley.

SNEED, J., delivered the opinion of the Court.

The action is upon a written contract of rent, by which the plaintiff bound himself to repair the fences

around the premises and to build cabins and such
other improvements thereon, and the defendant bound
himself to pay a part of the crop produced for rent
and to surrender the premises at the end of the year.
The plaintiff declares alone on the written contract.
The defendant pleads in bar the non-performance by
plaintiff of his part of the contract, by which he was
damaged, with the general issue and pleas of set-off
and payment, upon all of which issue was taken.
The defendant went into possession and held and cul-
tivated the land during the year, and refused to pay
any rent.    Much proof was taken, tending to show
that the plaintiff did not perform his contract in part,
and that the defendant suffered damage in the loss
of a part of his crop.    The verdict and judgment
were for the defendant, the verdict finding "the issue
in favor of the defendant, and that the plaintiff is
not entitled to damages against the defendant, as
alleged in the declaration," and judgment was pro-
nounced accordingly.    The Court, among other things,
charged the jury that "if they found from the proof
that the plaintiff has failed or refused to perform his
part of the contract, in whole or in part, then you
will find in favor of the defendant."    This was error.
The contract sued on does not belong to that class
of covenants called conditional and dependent, in
which the performance of one depends upon the prior
performance of another, but to the class known in
the law as mutual and independent covenants, where
either party may recover damages from the other for

Smith *v.* Wiley.

the injury he may have sustained by a breach of the covenants in his favor, and where it is no excuse to the defendant to allege a breach of the covenants of the plaintiff in bar of his action. The effect of the charge is to exonerate the defendant from any liability whatever for the slightest breach of the plaintiff's covenants, whether the defendant had been actually damaged or not, and leave him to the use and enjoyment of the plaintiff's property for nothing. If actually damaged by the plaintiff's non-performance of his covenants, the defendant has the right of separate action, or his right in this action, to prove and recoup his damages, and the jury should have been so instructed. The reason of the rule of law is, that where a person has received a part of the consideration for which he entered into the agreement, it would be unjust that because he has not had the whole he should therefore be permitted to enjoy that part without paying for it. The law, in such case, obliges him to perform the agreement on his part, and leaves him to his remedy, by recoupment or otherwise, to recover any actual damage he may have sustained in not having received the whole consideration. 2 Pars. Cont., 531, 532.

Reverse the judgment.